Dear Mr. Varnado:
You have requested an opinion from this office pertaining to the St. Helena Parish Police Jury's ("the Police Jury") control over the North Helena Volunteer Fire Department (NHVFD or "the department"). You have stated that the Police Jury informed NHVFD that the Police Jury currently had "control" over the department. In your opinion request, you have specifically asked the following three questions related to these basic facts:
 1) Who has control over NHVFD?
 2) Does the Police Jury have the authority to appoint NHVFD's Board and Fire Chief?
 3) How can NHVFD be removed from the Police Jury's control and conduct business for the Fire Protection District #3?
Several previous opinions by this office address these specific issues; consequently much of this opinion references those opinions. Under La.R.S. 40:1492, the parish government has the power to create fire protection districts. On January 1, 1995, the St. Helena Parish Police Jury exercised this power and created the "Fire Protection District Number Three of St. Helena Parish." While La.R.S. 40:1492 authorizes the parish governing authority to create the fire protection district, La.Const. Art. VI, § 15 provides that the governing authority of a local government subdivision has the general power over an agency created by it. As established with respect to the Lafourche Parish Fire District in La. Atty. Gen. Op. No. 96-287, we stated that: *Page 2 
 Any statutory provisions relative to the power and authority over the Fire Protection District must be read with the Constitutional provision giving the governing authority "general power over an agency created by it". Following these premises, the provisions of R.S. 40:1495 are pertinent.
 Therein it is provided if no municipal corporation is included within the boundaries of a district of a single parish, the parish governing authority may be the governing body of the district or may appoint a board of commissioners to serve as governing body of the district. However, it is further provided if a municipal corporation is included within the boundaries of a district, the governing body of the district "shall consist of a board of commissioners of the district" unless the municipal corporation within the district is created after the creation of the district and after 1970.
Based upon facts that you have provided, there has not been a Board of Commissioners created in St. Helena Parish. Thus, under the interpretation in La. Atty. Gen. Op. No. 96-287, the St. Helena Police Jury has maintained its status as the governing body of the Fire Protection District. As opinion 96-287 states:
 As noted above, the constitutional provision, which cannot be infringed upon by a statutory provision, gives the general power over an agency to the governing authority creating that agency, including the power to abolish the same.
 The fire protection district is a public corporation and has the authority among other things to sue and be sued, enter into contractual obligations and perform all acts necessary for effective fire protection, R.S. 40:1500. However, the power of the corporate body of a fire protection district is supplemental to that of the parish governing authority's.
Reading La.R.S. 33:2101 together with La.R.S. 40:1492, fire protection districts are authorized to enter into contracts with private volunteer fire departments to procure firefighting services, [1] but Fire Chief Rita Allen has informed us, during a telephone call, that there is no such agreement in St. Helena Parish. The general powers of a board of commissioners are provided for by La.R.S. 40:1499. However, due to the fact that, in St. Helena Parish, the Police Jury fills the place of such a board, the Police Jury's powers are extended to those that would be exercised by such a board if it existed. In this regard, La.R.S. 40:1499 provides that: *Page 3 
 the board shall adopt its rules and procedure and fix the time and place of its regular meetings. Generally, it has such powers and shall perform such duties as are customary for the governing bodies of taxing districts and political subdivisions, including the right to levy taxes and to operate and control the property acquired by the district. It may do all things necessary to carry out the purposes for which the district was created.
In a previous opinion, La. Atty. Gen. Op. No. 07-0152, this office faced a similar issue and opined that,
 . . . the two most important portions of the above statute [La.R.S. 40:1499] are "has such powers and shall perform such duties as are customary for the governing bodies of . . . political subdivisions" and "may do all things necessary to carry out the purposes for which the district was created."
 In Louisiana, the quintessential political subdivision upon which almost any "political subdivision" is more or less modeled is the parish. The governing body of the parish is usually the police jury. R.S. 33:1236 provides for the powers of a police jury. Again relating to the questions you have asked (similar questions of Police Jury power over a volunteer fire department), R.S. 33:1236 provides in pertinent part: The police juries and other parish governing authorities shall have the following powers:
 (10) to appoint all officers necessary to carry into execution the parish regulations, and to remove them from office.
 (51) To enact ordinances defining parish employees and delineating the rights, duties, and privileges of parish employees.
 In terms of a fire protection district, by analogy, it means that the board of commissioners of the fire protection district has the power to appoint and to remove all officers necessary to carry into execution the fire protection laws, rules, and regulations. Such officers would, of course, include the fire chief, who may, if he is a regularly paid member of the fire department, be in the classified civil service . . .
 It also means that the board of commissions of a fire protection district is charged with the power to make written policies, in the form of rules or regulations, governing the employees of the fire protection district and delineating their rights, duties, and privileges. *Page 4 
This office finally concluded, in La. Atty. Gen. Op. No. 07-0152, that "the board has the power to appoint the fire chief in order to execute the firefighting policies of the district. The chief should have the power and authority to hire, train, discipline, and terminate the other firefighters under him, including all volunteer firefighters" (emphasis added). The opinion then points out that La.R.S. 40:1499 leaves open the possibility of the board/police jury having more power than simply hiring the chief because La.R.S. 40:1499 grants the board the power to "do all things necessary to carry out the purposes from which the district was created."[2]
This office's previous opinion, La. Atty. Gen. Op. No. 07-0152, thus answers the first two questions presented in your opinion request. Applying the reasoning set forth in La. Atty. Gen. Op. No. 07-0152 to the first question, the St. Helena Police Jury, in conjunction with the Fire Chief appointed by the Police Jury, has "control over" the NHVFD. As to the second question, the Police Jury has the authority to appoint the Fire Chief just as would a Board of Commissioners, if the latter existed. However, the Fire Chief also has the ability to run the NHVFD according to its bylaws in the absence of contrary direction from the Police Jury.
The third question presented in your opinion request is not specifically dealt with in the statutes. However, previous opinions of this office offer some guidance as to one possibility for the NHVFD to create a separation between its management and the Police Jury. As previously mentioned, La.R.S. 33:2101, read together with La.R.S. 40:1492, authorizes fire protection districts to enter into contracts with private volunteer fire departments. If the NHVFD were to enter into a contractual relationship with the Police Jury, then the control structure would be limited to the terms of the contract as long as the contract terms are not contrary to law. Thus, the NHVFD could limit the Police Jury's role, albeit with the Police Jury's consent. In La. Atty. Gen. Op. No. 06-0315, this office opined that, "the exact authority the Fire District has over an individual volunteer fire department would depend on the terms and conditions of the contract or cooperative agreement the volunteer fire department entered into with the Fire District." The aforementioned opinion, La. Atty. Gen. Op. No. 07-0152, also offers an example of the potential effects of a contractual relationship between the parish's governing authority and a volunteer fire department.
 If the situation in your fire protection district was one where the board of commissioners of the district had a contract with a private volunteer fire department, then the board would have no legal power to terminate any volunteer firefighter, unless that power was specifically and explicitly spelled out in the terms of the contract itself. Only the chief or whoever was in charge of the private *Page 5 
Thus, considering the law and our previous opinions, we here opine that the NHVFD may only become semi-autonomous from the Police Jury by way of a contract between the NHVFD and the Police Jury in which the Police Jury grants the NHVFD that autonomy.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:___________________
 Steven "Beaux" Jones Assistant Attorney General
 JDC/SBJ/tp
[1] See La. Atty. Gen. Op. No. 06-0171.
[2] As previously mentioned in the opinion, the Police Jury's powers exist in lieu of a Board of Commissioners' powers in this situation, as there is no such board in St. Helena Parish. Therefore the Police Jury is the governing body of the Fire Protection District.